THE SUN INSURANCE CO. v. TEXARKANA FOUNDRY & MACHINE WORKS CO.

(No. 2571.)

APPEAL from Bowie County.  Opinion by WHITE, P. J.

VAUGHAN & LEARY, counsel for appellant.

ESTES & HENRY, counsel for appellee.

§ 320.  *Fire insurance; stipulation in as to future use of building; distinction between representation and warranty in a contract; case stated.*  Appellee brought this suit upon a fire insurance policy issued by appellant, and recovered judgment for the amount of said policy and interest.  In the policy of insurance the property insured was described as a " one-story, shingle-roof building, to be occupied as foundry and machine-shops."  *Held,* that said stipulation as to the future occupancy of the building is a *warranty* that said building should be so occupied, and not a mere *representation* that it would be so

occupied.   The distinction between a representation and
a warranty in contracts of insurance is that the former
need not be strictly complied with — a substantial compli-
ance therewith being sufficient; and the compliance need
only be as to those particulars which are essential to be
disclosed to the insurer.   But not so with a warranty;
for in the case of a warranty the question of materiality
does not arise, it entering into and forming a part of the
contract.   Under settled rules of construction the stipu-
lation above quoted must be held to be more than a rep-
resentation.   It relates to a matter which in a material
degree affected the risk, and is closely connected and in
harmony with other stipulations of kindred purpose, and
must be regarded as expressing the intention of the par-
ties.   It bears the recognized *indicia* of a promissory
warranty.   [May on Ins. 170–183; Wood on Fire Ins. 59,
60; Texas Banking Co. v. Stone, 49 Tex. 4; Goddard v.
Ins. Co. 67 Tex. 69.]   The trial court therefore erred in
not holding said clause to be a warranty, and in instruct-
ing the jury in effect that appellee was entitled to recover
unless it had "wilfully deceived" appellant with respect
to the future occupancy of the building.   Because of this
error, the judgment must be reversed.

§ **321.** *Increase of risk; stipulation as to.*   Another
stipulation in said policy provided that, "if the risk be
increased by any means whatever," the policy should be
void.   It appeared from the evidence that one Draugh-
ton, who was the president of appellee company, owned
and operated a planing-mill situated near the insured
property, but upon his own land, and that appellee com-
pany had no interest in or control of said planing-mill
or premises; that, after the issuance of the policy of in-
surance to appellee, said Draughton changed a flue in his
planing-mill, whereby the fire escaping from said mill
greatly increased the risk upon the insured property, and
in fact caused the destruction of said property.   *Held:*
The stipulation as to increased risk cannot be extended
to cover risks created on the adjacent property of inde-

pendent proprietors who use their own premises in a legitimate manner. The individual acts of Draughton, with respect to his individual property, cannot be held to create a liability against appellee or to divest appellee of any right which it had under the contract of insurance.

November 23, 1887.          Reversed and remanded.